**In the Matter of Merrick S. RAYLE.**

**No. 98S00–0701–DI–36.**

Supreme Court of Indiana.

May 15, 2007.

### ORDER IMPOSING IDENTICAL RECIPROCAL DISCIPLINE

The Indiana Supreme Court Disciplinary Commission filed a "Verified Notice of Foreign Discipline and Petition for Issuance of an Order to Show Cause," advising that Respondent was disciplined by the State of Illinois and requesting, pursuant to Indiana Admission and Discipline Rule 23(28), that identical reciprocal discipline be imposed in this state. On January 26, 2007, this Court issued an "Order to Show Cause", to which Respondent has not responded. This case is now before this Court for final resolution.

Respondent was admitted to practice law in Indiana in 1970. Respondent was also licensed to practice law in the States of Illinois and California. In 2004, a disciplinary complaint was filed against Respondent in Illinois asserting that Respondent fraudulent transferred assets to avoid paying a judgment and that he made misrepresentations to the court regarding his assets. After an evidentiary hearing, the Illinois Hearing Board found the allegations were supported by clear and convincing evidence. The Supreme Court of Illinois found Respondent's conduct violated that jurisdiction's rules of professional conduct. For his misconduct, Respondent was suspended from the practice of law in Illinois for one year, effective December 8, 2006.

The Court finds that there has been no showing, pursuant to Admission and Discipline Rule 23(28)(c),[1] of any reason why

---

1. Admission and Discipline Rule 23(28)(c), provides:

(c) Upon the expiration of thirty (30) days from service of the order [order to show cause] set out in subsection (b), this Court shall impose discipline identical to that ordered in the other jurisdiction unless the Executive Secretary or the lawyer demonstrate, or this Court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:

reciprocal discipline should not issue in this state.

IT IS THEREFORE ORDERED that Respondent is hereby suspended from the practice of law in this state. Respondent is ordered to fulfill the duties of a suspended attorney under Admission and Discipline Rule 23(26). Respondent shall not be eligible to petition for reinstatement in this state pursuant to Admission and Discipline Rule 23(4) until reinstated to the practice of law in the State of Illinois or until further order of this Court.

The Clerk of this Court is directed to forward notice of this Order to Respondent or Respondent's attorney, to the Indiana Supreme Court Disciplinary Commission, to the Supreme Court of Illinois, to the Supreme Court of California, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d), governing suspension.

All Justices concur.

(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;
(2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistent with its duty, accept as final the conclusion on that subject;
(3) The imposition of the same discipline by the Court would be inconsistent with standards governing sanctions in this rule or would result in grave injustice; or
(4) The misconduct established warrants substantially different discipline in this state.

If this Court determines that any of those elements exists, this Court shall enter such other order of discipline as it deems appropriate. The burden is on the party seeking different discipline in this state to demonstrate that the imposition of the same discipline is unwarranted.
(d) In all other aspects, a final adjudication in another jurisdiction that a lawyer has been guilty of misconduct shall establish conclusively the misconduct for purposes of a disciplinary proceeding in this state.